UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARK BORDEN                                                              PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 1:19CV563-LG-RPM

HARRISON COUNTY                                                         DEFENDANT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

On September 9, 2019, Plaintiff Mark Borden, proceeding *pro se* and *in forma pauperis*,

filed a 42 U.S.C. § 1983 civil rights complaint alleging that jail officials at the Harrison County

Detention Center failed to protect him from an attack by another inmate and then denied medical

care for injuries sustained in the attack.  On January 8, 2020, the Court set the matter for a

screening hearing scheduled for August 26, 2020 at 9:00 AM in Gulfport, Mississippi.  Doc.

[18].  The order setting the matter for hearing and a notice of the hearing were mailed to Plaintiff

at his address of record, which at the time was the Harrison County Detention Center.  The Court

subsequently sent Plaintiff an order reassigning the case to U.S. Magistrate Judge Robert P.

Myers, Jr. and a notice resetting the hearing for the same date (August 26, 2020) and time (9:00

AM) but reflecting that Judge Myers would be assigned to the case instead of U.S. Magistrate

Judge Robert H. Walker.  Doc. [21].  The docket reflects that these latter two documents have

been returned as "undeliverable"; however, the January 8, 2020 order and notice have not been

returned as undeliverable.  *See* Doc. [22] [23].  Presumably, Plaintiff received notice of the

August 26th hearing.  Based on the returned mail, the Court finds Plaintiff has not submitted a

change of address with the Court; therefore, he has failed to advise of his current address as

directed by the Court.  Nor has he communicated with the Court in any other manner.

On August 26, 2020, the Court came to order at the appointed time and announced Plaintiff's case. Plaintiff's name was called in the courtroom three times without response. The Courtroom Deputy then went into the hallway to call Plaintiff's name three times as well but received no response. The Courtroom Deputy also contacted court security personnel to ask whether Plaintiff had passed through the security checkpoint at the Courthouse. According to Court security, he had not entered the building. Counsel for Defendants appeared for the hearing and informed the Court he had received notice that Plaintiff is no longer incarcerated, having been released in March 2020. Based on Plaintiff's failure to maintain a current address and his failure to appear at the hearing, for which he received notice, the Court finds Plaintiff no longer demonstrates interest in prosecuting his claims.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff Mark Borden's 42 U.S.C. § 1983 civil rights complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed

2

findings, conclusions, and recommendation contained in this report within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services*

*Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 27th day of August 2020.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE